1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                          DISTRICT OF NEVADA
7   JEAN MILLER,                              2:10-CV-1994 JCM (PAL)
8          Plaintiff,
9   v.
10  ALLAN R. GRIFFITH, et al.,
11
12         Defendants.
13
14                                  **ORDER**

15   Presently before the court is plaintiff Jean Miller's emergency petition for temporary
16   restraining order and temporary injunction. (Doc. #12). Plaintiff has also filed an amended motion
17   for temporary restraining order. (Doc. #13).
18   Plaintiff alleges that the Bank of New York Mellon has attempted "to confiscate [plaintiff's]
19   real property through a fraudulent non-judicial foreclosure based on the felonious acts of filing
20   numerous false and/or forged documents in an NEVADA public office by Defendants." (*Id.*).
21   Specifically, plaintiff alleges that the defendants have not reported the notes on the disputed
22   properties as assets on their accounting report to the Internal Revenue Service. (Doc. #12, p.3).
23   Plaintiff requests that "the Genuine Original NOTES be sequestered and held by this Court until such
24   time as this Court adjudicates this matter," arguing that if the notes are not produced then they do
25   not exist and any foreclosure or eviction will be wrongful. *Id.*
26   According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining
27   order when the moving party provides specific facts showing that immediate and irreparable injury,
28

**James C. Mahan**
**U.S. District Judge**

1  loss, or damage will result before the adverse party's opposition to a motion for preliminary
2  injunction can be heard. The Supreme Court has stated that courts must consider the following
3  factors in determining whether to issue a temporary restraining order and preliminary injunction: (1)
4  a likelihood of success on the merits; (2) possibility of irreparable injury if preliminary relief is not
5  granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*,
6  129 S. Ct. 365, 374–76 (2008).

7  Although plaintiff has not specifically pleaded a claim for relief, the court adduces three: (1)
8  a request for injunctive relief, (2) a claim of wrongful foreclosure, and (3) a request to quiet title.
9  However, the court is unable to grant plaintiff's motion for a temporary restraining order based on
10 any of these three possible claims, because the plaintiff has failed the first element of the *Winter* test
11 and is not likely to succeed on the merits.

12 The first claim is a remedy not a cause of action. Furthermore, plaintiff has not stated when
13 the foreclosure sale is scheduled; if the sale has occurred, the motion is moot.

14 Insofar as plaintiff is claiming wrongful foreclosure, her claim is unsuccessful, because
15 plaintiff has failed to allege that she is current on her mortgage payments. *See Collins v. Union*
16 *Federal*, 662 P.2d 610, 623 (Nev. 1983) (holding that the mortgagor must establish that, at the time
17 the power of sale was exercised, the mortgagor had not breached the mortgage agreement). Similarly,
18 "[a] trustor cannot quiet title without discharging his debt. The cloud upon his title persists until the
19 debt is paid." *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 478 (1974).

20 Accordingly,

21 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for
22 temporary restraining order (doc. #12) and amended motion for temporary restraining order (doc.
23 #13) are hereby DENIED.

24 DATED February 24, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -